# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:15-CV-00551-FDW-DCK

| | |
|---|---|
| ANNE STANLEY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )      **ORDER** |
| | ) |
| GASTON COUNTY DEPARTMENT OF HEALTH and HUMAN SERVICES, CHRIS DOBBINS, KAREN CALHOUN, REBECCA LAMPHIEAR, ANGELA KARCHMER, CYNTHIA BUCHANAN, and CYNTHIA LITTLE, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss (Docs. Nos. 18, 20, 22, 24, 26) Plaintiff's Amended Complaint (Doc. No. 5) pursuant to Fed. R. Civ. P. 12(b)(4), (5) and (6) for insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. Because Plaintiff appears <u>pro se</u>, the Court issued a <u>Roseboro</u> notice (Doc. No. 28) advising Plaintiff of her right to respond to Defendants' Motions to Dismiss. Plaintiff did not respond and the time for doing so has expired. For the reasons stated below, the Court GRANTS Defendants' Motions in part and DENIES in part. Plaintiff's second, fifth, sixth and eighth causes of action are DISMISSED; and Defendants Dobbins, Calhoun, Lamphiear, Karchmer, Buchanan, and Little are DISMISSED from this action.

## I. BACKGROUND

Plaintiff filed her initial Complaint in this Court on November 16, 2015, alleging eight causes of action including Disability Discrimination, Hostile Work Environment, Wrongful

Termination, and Retaliation that arose from her employment and later termination from the Gaston County Department of Health and Human Services ("DHHS"). (Doc. No. 1). The Complaint named seven defendants: DHHS; Chris Dobbins, Director of DHHS; Karen Calhoun, Division Director at DHHS; Rebecca Lamphiear and Angela Karchmer, Administrators at DHHS; and Cynthia Buchanan and Cynthia Little, Supervisors at DHHS. Plaintiff filed her Amended Complaint on February 18, 2016, attaching over 250 pages of miscellaneous filings to support her case. (Doc. No. 5, Exs. A-S).

## II. DISCUSSION

"Although Plaintiff's Complaint is not entirely clear, due to [her] pro se status, it must be read generously." Keene v. Thompson, 232 F. Supp. 2d 574, 578 (M.D.N.C. 2002); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed."). Plaintiff specifically alleges seven claims: (1) Disability Discrimination; (2) Privacy/HIPAA Violation; (3) Failure to Provide Reasonable Accommodations; (4) Failure to Provide Proper Training; (5) Hostile Work Environment; (6) Wrongful Termination; and (7) Retaliation. Construed broadly, Plaintiff appears to allege an eighth claim for Intentional Infliction of Emotional Distress ("IIED"). Plaintiff is also unclear as to the specific causes of action alleged against each Defendant—and in what capacity. Therefore, the Court construes the Amended Complaint to assert each cause of action against all Defendants, and as to the individual defendants, construes the claims advanced against them in both their individual and official capacities.

Defendants filed four Motions to Dismiss on August 4th, 2016, and a fifth Motion to Dismiss on August 5, 2016, requesting the Court dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(4), (5) and (6) of the Federal Rules of Civil Procedure. (Docs. Nos. 18, 20, 22, 24, 26). Defendants argue (1) Plaintiff failed to effectuate proper service on Defendants DHHS,

Dobbins, Little, and Buchanan; (2) Plaintiff's stand-alone HIPAA cause of action does not exist; (3) neither Title VII nor the ADA allow for individual liability; (4) the government immunity doctrine bars any state tort claims alleged; (5) Plaintiff failed to make a prima facie showing for IIED; and (6) Plaintiff failed to allege any injury resulted from her Failure to Train claim.

1. **Service of Process**

    a. **Individual Service**

Plaintiff has failed to serve Defendant Calhoun. The Court ordered Plaintiff to submit a new summons to the Clerk to effectuate proper service by October 3, 2016, or Defendant Calhoun would be dismissed from the action. (Doc. No. 30). Plaintiff has not responded. Accordingly, Defendant Calhoun is DISMISSED from the action in her individual capacity.

Defendants Dobbins, Buchanan and Little argue Plaintiff failed to properly serve the Amended Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. These Motions are GRANTED and the claims advanced against Defendants Dobbins, Buchanan and Little in their individual capacities are DISMISSED. Fed. R. Civ. P. 4(e) provides that service on an individual may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing at the defendant's home or usual place of abode or (2) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

It is clear that Defendants Dobbins, Buchanan, and Little were not personally served, nor was a copy of the summons and complaint left with a person of suitable age at their homes. Plaintiff submitted the summons with the Defendants' work address. Teresa Osborne accepted service for Defendant Dobbins; Defendant Karchmer accepted service for Defendant Buchanan; and Defendant Lamphiear accepted service for Defendant Little. Osborne, Karchmer, and

Lamphiear were not authorized agents, nor is there any allegations in the Amended Complaint that representations were made to that effect. While the technical requirements of service of process should be liberally construed when the defendant has actual notice, the requirements of service cannot be completely ignored. Service of process cannot be effected on Defendants Dobbins, Buchanan, and Little in their individual capacity by serving at their place of employment individuals not authorized to accept service. Defendants Dobbins, Buchanan's and Little's 12(b)(5) Motions to Dismiss (Docs. Nos. 22, 24) are GRANTED.

### b. Service on County Agency

Conversely, Defendant DHHS' 12(b)(5) Motion to Dismiss for insufficient service of process is DENIED. Rule 4(j) of the Federal Rules of Civil Procedure provides that service on a Foreign, State or Local Government may be accomplished by delivering a copy of the summons and complaint (1) to the chief executive officer or (2) in the manner prescribed by that state's law. Rule 4(j) of the North Carolina Rules provides that service on a local public district, unit, or body of any kind may be achieved by serving the complaint and summons to (1) an officer or director thereof, or (2) an *agent* or attorney-in-fact authorized by appointment or by statute to be served or accept service. N.C. R. Civ. R. 4(j)(5)(c). Ms. Teresa Osborne accepted service on behalf of DHHS signing the executed summons as "Lead Attorney." (Doc. No. 14).

Although nothing in the statute defines who an "agent" is for purposes of service, "when service is made upon an agent she must be a person of sufficient character and rank to make it reasonably certain that the [defendant] will be apprised of service made through that agent." Ballard v. PNC Financial Services Group, Inc., 620 F.Supp.2d 733, 737 (S.D.W.Va. 2009). Ms. Osborne's position as lead attorney for DHHS certainly qualifies her as a person with "sufficient character and rank" to apprise DHHS of the pending suit—and she likely did. It is clear DHHS

has notice of the suit. Although actual notice is not dispositive to determine whether service is sufficient, the Fourth Circuit tells us that "where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4 . . . should be liberally construed to effectuate service and uphold the jurisdiction of the Court." Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963). Plaintiff satisfied the service of process requirements under North Carolina Rule 4(j)(5)(c) because Ms. Osborne, as 'lead attorney' for DHHS, qualifies as "an agent." Accordingly, Defendant DHHS' Motion to Dismiss for insufficient service of process is DENIED.

   **2. Subject Matter Jurisdiction**

   **a. Legal Standard**

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss a complaint if it lacks subject matter jurisdiction. Lack of subject matter jurisdiction may be raised at any time either by the litigant or the court because "determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). The plaintiff has the burden of demonstrating subject matter jurisdiction. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a 12(b)(1) challenge, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. Unlike a 12(b)(6) motion "where there is a presumption reserving the truth finding roles to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

### b. Failure to Exhaust Administrative Remedies

A plaintiff must exhaust her administrative remedies by filing a charge with the EEOC before filing suit under Title VII because the scope of the court's subject matter jurisdiction is limited by the contents of the charge. Mercer v. PHH Corp., 641 Fed. Appx. 233, 238 (4th Cir. 2016); see also Syndor v. Fairfax Cnty., 681 F.3d 591 (4th Cir. 2012). Accordingly, claims that fall outside the scope of the charge are procedurally barred. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013). Plaintiff filed her EEOC Charge with the Court on January 15, 2016. (Doc. No. 4). After review of the allegations contained in the charge, the Court DISMISSES *sua sponte* Plaintiff's Hostile Work Environment claim because Plaintiff failed to allege she was subjected to a hostile work environment in her EEOC charge.

Plaintiff alleges, "I was subjected to harassment and discrimination on the basis of my disability and for reporting my concerns." (Doc. No. 4). Plaintiff claims that she was denied requests for reasonable accommodations, sent to mandatory counseling, and subjected to baseless disciplinary action in retaliation for raising her concerns. Id. The charge does not allege, at any point, that Plaintiff was subjected to a hostile work environment. Accordingly, the Court DISMISSES Plaintiff's Hostile Work Environment Claim.

### 3. Sufficiency of Complaint

Defendants challenge the Plaintiff's remaining causes of action arguing Plaintiff failed to state any claim that entitles her to relief. (Docs. Nos. 18, 20, 22, 24, 26). For the reasons set forth below, the Court GRANTS Defendants' Motions in part and DENIES in part.

### a. Legal Standard

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A plaintiff alleging employment discrimination need not "plead facts that constitute a prima facie case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), but '[f]actual allegations must be enough to raise a right of relief above the speculative level.'" Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

    b. **HIPAA Claim**

Plaintiff's HIPAA claim fails because a private cause of action under HIPAA does not exist. Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1080 (9th Cir. 2007); Werdehausen v. Benicorp Insurance Company, 487 F.3d 660, 668 (8th Cir. 2007); Agee v. United States of America, 72 Fed. Cl. 284 (Fed.Ct.Claims 2006). Since there is no private right of action under HIPAA, the Court GRANTS Defendants' 12(b)(6) Motions to Dismiss to the extent it seeks recovery for alleged HIPAA violations.

    c. **Individual Liability under the ADA**

Plaintiff has named various individuals as Defendants in the instant action, however her ADA claims cannot survive because there is no individual liability under the ADA. Birkenbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir. 1994); see also Stephens v. Kay Mgmt. Co., 907

F. Supp. 169 (E.D. Va. 1995). To the extent that Plaintiff has alleged ADA claims against individual defendants, Defendants' 12(b)(6) Motions to Dismiss are GRANTED. The ADA claims advanced against the Defendants in their individual and official capacities are DISMISSED.

### d. State Law Tort Claims

Defendants argue government immunity shields them from Plaintiff's Wrongful Termination and Intentional Infliction of Emotional Distress ("IIED") claims. The Court agrees. North Carolina courts require a plaintiff to *specifically* allege in the complaint that the official or government entity has waived the right to rely on the defense. White v. Cochran, 229 N.C. App. 183, 189 (2013) (describing government immunity as "fundamental procedural principle"); see also Houpe v. City of Statesville, 128 N.C.App. 334 (1998). At no point does Plaintiff allege that the Defendants waived their right to the defense. Accordingly, Defendants' Motions to Dismiss are GRANTED and Plaintiff's Wrongful Termination and IIED claims are DISMISSED.

Even if Plaintiff alleged Defendants waived their right to the government immunity defense, both state claims would still not survive Defendants' Motions to Dismiss. To support her Wrongful Termination claim, Plaintiff alleges, "[a]t the time I was on FMLA, and although that leave had been allegedly exhausted, I had requested additional time to continue treatment for my disability." (Doc. No. 5). The Court construes Plaintiff's allegation to mean that Defendant violated the FMLA. North Carolina Courts allow an at-will employee to bring a wrongful termination action against an employer, but the action is limited to cases where the plaintiff can "identify a specific North Carolina public policy expressly stated within the N.C. Constitution or General Statutes that was violated by the employer." Coman v. Thomas Mfg. Co., 325 N.C. 172, 175 (1989) (quoting Sides v. Duke Univ., 74 N.C. App. 331 (1985) (quotation marks omitted). The FMLA's public policy is a valid basis for a wrongful discharge claim, however violations of

the FMLA alone do not create a public policy exception. See Satterwhite v. Wal-Mart Stores East, LP, No. 5:11-CV-363, 2012 WL 255347, * 3-4 (E.D.N.C. Jan. 26, 2012).

North Carolina courts are also reluctant to find actionable IIED claims in the employment discrimination context. Bendross v. Town of Huntersville, 159 N.C. App. 228, *4-5 (July 15, 2003); Guthrie v. Conroy, 152 N.C. App. 15 (2002). To meet the "extreme and outrageous" requirement, Plaintiff must allege conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . ." Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 493 (1986). Plaintiff alleges facts that are commonplace in employment discrimination suits. See Guthrie, 152 N.C. App. at 15 (defendant holding plaintiff from behind and touching and rubbing her neck and shoulders, throwing potting soil and water on her, and commenting that he had "always wanted to see [her] in a wet t-shirt" not extreme and outrageous); Bendross, 159 N.C. App. at 228, *4-5 (defendant strained working relations with supervisors, subjected plaintiff to three internal investigations, disciplinary action, and slammed chair against wall during conference not extreme and outrageous). Plaintiff's allegations of termination coupled with one incident of discipline in front of a group simply does not constitute extreme and outrageous conduct under North Carolina law. Faulkner v. Tyco Elec. Corp., 552 F. Supp. 2d. 546, 558 (M.D.N.C. 2000). Plaintiff's Wrongful Termination and IIED claims are DISMISSED and Defendants' Motions to Dismiss are GRANTED.

### e. Failure to Provide Proper Training

"A pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94. DHHS argues Plaintiff did not allege how her Failure to Provide Proper Training claim caused her injury. The Court disagrees. Plaintiff claims she "struggled with specific cases or specific parts . . . asked for specific help [and] I was dismissed.

9

. . [s]ince these actions have occurred . . . I lost my career . . . I lost my health insurance and the ability to afford continued treatment for the conditions I now suffer." (Doc. No. 5). Construing the allegations liberally, Plaintiff has claimed injuries sufficient to overcome Defendant's Motion to Dismiss. DHHS' Motion is DENIED.

### IV. CONCLUSION

For the aforementioned reasons, Plaintiff's causes of action for Privacy/HIPAA Violation, Hostile Work Environment, Wrongful Termination, and Intentional Infliction of Emotional distress are DISMISSED. All individual Defendants are DISMISSED from this action in both their individual and official capacities. Because dismissal is appropriate under Rule 12(b)(1), 12(b)(5) and 12(b)(6), Defendant's 12(b)(4) arguments are moot.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss Plaintiff's Amended Complaint are GRANTED in part and DENIED in part. The Clerk is respectfully directed to TERMINATE Defendants Dobbins, Calhoun, Lamphiear, Karchmer, Buchanan, and Little from this action. In the interests of time and efficiency, the Court ORDERS remaining Defendant DHHS to file their Answer within 5 days of the date of this Order and for both parties to file the Certification of Initial Attorneys Conference ("CIAC") within 10 days from the date of this Order. After review of the case status, the Court finds an expedited Answer and CIAC deadline necessary to ensure fairness to all parties.

SO ORDERED.

Signed: October 6, 2016

Frank D. Whitney
Chief United States District Judge