UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00551-FDW-DCK

| | |
|---|---|
| ANNE STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| GASTON COUNTY DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Gaston County Department of Health and Human Services' ("DHHS'") Motion For Summary Judgment (Doc. No. 38). Because Plaintiff appears pro se, the Court issued a Roseboro[1] notice (Doc. No. 40) advising Plaintiff of her right to respond to Defendant's Motion.[2] Plaintiff did not respond and the time for doing so has long expired. For the reasons set forth below, Defendant DHHS' Motion is GRANTED.

Plaintiff filed the instant case on November 16, 2016, (Doc. No. 1), alleging eight causes of action against Defendant DHHS and six individually named Defendants. On October 6, 2016, the Court granted Defendant DHHS's Motion to Dismiss and the individual Defendants' Motions to Dismiss in part (Doc. No. 31) dismissing four of Plaintiff's claims against Defendant DHHS

---

[1] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them.").

[2] In its Roseboro Notice, this Court advised Plaintiff of her burden to respond to Defendant DHHS' Motion For Summary Judgment and her burden to show why the above admissions should be withdrawn. The Court further advised Plaintiff that her failure to respond may result in Defendant's motion being granted, that is, she could lose her case, her case could be dismissed with prejudice, and/or judgment could be entered in favor of Defendant, yet Plaintiff failed to respond.

1

and all claims against the six individual named Defendants. After filing its Answer (Doc. No. 32), Defendant DHHS filed a Certification of Initial Attorney's Conference (Doc. No. 33) wherein Defendant informed the Court Plaintiff failed to take part as directed by this Court's Initial Standing Order. <u>Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney</u>, Misc. No. 3:07-MC-47 (Doc. No. 2). Defendant DHHS moved for Summary Judgment as to all remaining claims (Doc. No. 38) January 10, 2017.

Defendant DHHS contends it is entitled to summary judgment as to Plaintiff's remaining claims for disability discrimination, failure to provide reasonable accommodations, failure to provide proper training, and retaliation because Plaintiff admitted the following when she failed to respond to Defendant's Request for Admissions: (1) Plaintiff received reasonable accommodations, when requested; (2) Plaintiff was not denied any reasonable accommodation; (3) Plaintiff did not suffer injury from the alleged failure to train; (4) Plaintiff was not subjected to unnecessary and/or unreasonable discipline; and (5) Plaintiff did not suffer from unlawful retaliation. (Doc. No. 39).

Under Rule 36(a), parties may serve each other with written requests for admission of matters relating to a fact or the application of law to a fact. FED. R. CIV. P. R. 36(a). Rule 55(c) allows a party moving for summary judgment to use admissions to show that a material fact is not in dispute. FED. R. CIV. P. R. 55(c). Rule 36(a)(3) states that a matter is deemed admitted if a party fails to answer a request for admissions within thirty (30) days after being served. FED. R. CIV. P. R. 36(a)(3). Rule 36(b) states "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. R. 36(b). In its supporting memorandum (Doc. No. 39), Defendant DHHS informed the Court that its First Set of Requests for Admissions (Doc. No. 35) was served on Plaintiff October

31, 2016, and Plaintiff failed to respond.

"[O]nce a matter that is properly subject of an admission under Rue 36(b) has been admitted during discovery, the district court is not free to disregard that admission." Adventis, Inc. v. Consol. Prop. Holdings, Inc., 124 Fed. App'x 169, 173 (4th Cir. 2005) (quoting Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992) ("Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment.") In order to be relieved from said admission, a plaintiff must show that withdrawing the admission "would promote the presentation of the merits of the action" and would not prejudice the defendant. Fed. R. Civ. P. R. 36(b).

Without a response from Plaintiff, the Court accepts the following as conclusively established: Plaintiff received reasonable accommodations, when requested; Plaintiff was not denied any reasonable accommodation; Plaintiff did not suffer injury from the alleged failure to train; Plaintiff was not subjected to unnecessary and/or unreasonable discipline; and Plaintiff did not suffer from unlawful retaliation.

Accordingly, Defendant DHHS' Motion For Summary Judgment (Doc. No. 38) is GRANTED. Defendant also filed a Motion to Extend the Mediation Deadline in this case. (Doc. No. 41). Due to this Court's decision to grant Defendant DHHS' Motion For Summary Judgment, the Motion for an Extension of Time is now MOOT (Doc. No. 41). The Clerk is respectfully DIRECTED to enter judgment in favor of Defendant DHHS and CLOSE THE CASE.

IT IS SO ORDERED.

Signed: February 10, 2017

Frank D. Whitney
Chief United States District Judge